UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Clarence Ganaway,                                   Case No.  3:16-cv-2133

          Plaintiff

   v.                                                           MEMORANDUM OPINION
                                                                                             AND ORDER

State of Ohio, *et al.*,

          Defendants

## Introduction

*Pro se* plaintiff Clarence Ganaway, a state prisoner incarcerated in the Allen Correctional Institution (ACI), has filed this civil rights action under 42 U.S.C. § 1983 against the State of Ohio, the Ohio Department of Rehabilitation and Correction (ODRC), ODRC Director Gary Mohr, and ACI Warden James Haviland.  (Doc. No. 1.)

The facts alleged in the complaint pertain to medications the plaintiff has been prescribed for mental health concerns prior to and during his incarceration.  He alleges that prior to his incarceration, "several outside Medical Facilit[ies]" prescribed him various medications, including the drug Elavil, for mental health issues.  (*Id.* at 3.)  Upon his incarceration with the ODRC on April 18, 2007, he was evaluated by ODRC doctors and nurses in connection with "an on-going long term therapeutic Medical Mental Health case load."  (*Id.* at 2.)  Certified "Doctors and Nurses" employed by ODRC continued to prescribe him medications, including Elavil, for his mental health issues, and that they did so in increasing and dangerously high doses and combinations with other drugs.  (*Id.* at 2-3.)  As a result, he became addicted to Elavil.

1

The plaintiff alleges that when he arrived at his "current institution," ACI, on September 2, 2014, he "wanted to make sure his medication was going to be continuous" and sent a kite to the Mental Health Department. (*Id.* at 4.) There he was seen by Nurse Kalb, who he alleges discontinued his Elavil prescription abruptly and with "evil intentions" because his blood revealed dangerously high levels of the drug.

As best as I can discern from his allegations, the plaintiff contends the defendants are liable to him for deliberate indifference, both because doctors and nurses employed by the ODRC negligently prescribed him dangerous levels of medication, including Elavil, before his transfer to ACI, and, because Nurse Kalb as "agent" of ACI abruptly discontinued his "9.5 year and longer treatment plan" after his transfer. (*Id.* at 8.) He alleges the discontinuation of his medication caused him to suffer "Withdrawal Syndrome," that he suffered "a set of unpleasant mental and physical symptoms," and that he "physically lost 30 Lbs from 9/2/2014 to 11/2014." (*Id.* at 9.)

Without further factual elaboration, the plaintiff also alleges that other "incidents . . . contributed to this matter." He alleges he was: "physically injured through excessive force while on this case load, by [ODRC]'s employee"; "assaulted by an inmate with a lock in a sock to the back and side of the left temple area"; "Placed in segregation for one year straight" at the Marion Correctional Facility in 2009-2010"; and (4) "attack[ed] from the blind side by a incarcerated offender" on 9/16/15. (*Id.*)

The plaintiff seeks $250,000 in damages and unspecified injunctive relief.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C. § 1915A, to dismiss before service any civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks

2

monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim on which relief may be granted, a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

I must dismiss the plaintiff's complaint in accordance with Section 1915A.

First, under the Eleventh Amendment, a state and its agencies are immune from claims in federal court seeking damages or injunctive relief unless immunity has been expressly waived. *Reid v. State of Tenn.*, 68 F.3d 475, 1995 WL 619964 , at *1 (6th Cir. 1995). "Section 1983 does not abrogate Eleventh Amendment immunity." *Id.* ODRC is a state agency, and the State of Ohio has not waived its immunity. Accordingly, the State of Ohio and the ODRC are immune from the plaintiff's suit, and the complaint must be dismissed as against them. *See Danford v. Ohio Dept. of Rehab. and Corrs.*, No. 2:10 CV 124, 2011 WL 245588, at *2 (S. D. Ohio Jan.25, 2011) ("The ODRC is an agency of the State of Ohio. Neither the ODRC nor the State of Ohio have waived their sovereign immunity to suit in this court.").

The plaintiff's complaint also fails to allege a plausible claim under §1983 against the remaining defendants, Director Mohr and Warden Haviland. The complaint does not contain discernible allegations reasonably suggesting that either Director Mohr or Warden Haviland were personally involved in any of the misconduct alleged. Rather, his allegations indicate he seeks to hold these defendants liable solely because they are "in charge of" overall operations at ODRC and ACI. (*See* Doc. No. at 2.) But it is well-established that liability cannot be imposed on supervisory officials under § 1983 solely on the basis of *respondeat superior*. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[E]ven if a plaintiff can prove

a violation of his constitutional rights, his §1983 claim must fail against a supervisory official unless 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) (citation omitted).

Because the plaintiff's allegations do not reasonably suggest that Director Mohr or Warden Haviland in some way directly participated in any of the misconduct of which he complains, they cannot be sued under §1983.

## Conclusion

For the reasons stated above, the plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A. This dismissal is without prejudice to the plaintiff's filing an action against a defendant or defendants properly sued for the alleged misconduct. In light of the §1915A dismissal, all remaining pending motions (Doc. Nos. 2, 5, 6, 7, 8, and 9) are denied as moot. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

  s/ Jeffrey J. Helmick  
United States District Judge